UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH MCNUTT, | No. 2:22-cv-0121 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, CSP-FOLSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff alleges the following.  On or about August 25, 2015, while on the yard at Folsom State Prison, plaintiff was attacked by about 15 inmates, resulting in traumatic injuries, including, but not limited to, serious head and brain trauma, multiple stab wounds to his torso, multiple facial fractures, and maxillary spinal fractures.  Prior to the attack, plaintiff had been harassed and threatened by staff and inmates because plaintiff was a friend to, and talked to, other inmates who are homosexual.  Plaintiff requested protection from staff and inmates who threatened to harm plaintiff.  Plaintiff claims violations of his Eighth and Fourteenth Amendment rights based on

defendants' alleged failure to protect plaintiff and cruel and unusual punishment. All of the named defendants allegedly acted in concert and conspiracy, but plaintiff specifically identifies only the Warden of CSP-Folsom; he also sues 99 John and Jane Doe defendants.

Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts or omissions which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

No Respondeat Superior Liability

The warden is the only identified individual defendant. However, plaintiff fails to demonstrate the warden's personal involvement in the August 25, 2015 attack. As set forth above, plaintiff may not sue the warden solely on the theory that the warden is liable for the unconstitutional conduct of his or her subordinates. Iqbal, 556 U.S. at 679. Rather, plaintiff must allege specific facts demonstrating a causal connection between the acts or omissions of the warden in order to state a cognizable § 1983 claim.

Doe Defendants

The remaining defendants are all unidentified Doe defendants. The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Herein, plaintiff does not identify each defendant doe and his or her alleged act or omission which plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did or did not do, such as "John Doe 1 did X" and "John Doe 2 and 3 did not do Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not done so.

Additionally, unknown persons cannot be served with process until they are identified by their real names. The court will not investigate the names and identities of unnamed defendants.

Conspiracy

Plaintiff's conclusory statement that defendants acted in concert and conspiracy is insufficient to support a conspiracy claim.

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002). However, although accepted as true, the "[f]actual allegations must

5

be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555. A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." Id. (internal quotations and citations omitted); see Iqbal, 129 S. Ct. at 1949. As such, a bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

        Eighth Amendment Claims

        Plaintiff is advised of the following standards governing Eighth Amendment claims.

        The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); DeShaney v. Winnebago Cty. Dep't of Social Services, 489 U.S. 189, 199–200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). This duty includes the requirement that officials protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations omitted); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

        The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837. Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citation omitted). Negligence is not enough to amount to an Eighth Amendment violation. Farmer, 511 U.S. at 835. Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Id. at 836. Allegations in a pro se complaint sufficient to raise an inference that the named prison officials knew that the plaintiff

6

faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it adequately state a failure-to-protect claim. See Hearns, 413 F.3d at 1041-42 (citing Farmer, 511 U.S. at 847).

Exhaustion of Administrative Remedies

Finally, the bigger issue in this case is plaintiff's concession that there were administrative remedies available at his institution, yet he did not file a grievance concerning the facts alleged in his complaint or appeal a request to the highest level.[1] (ECF No. 7 at 3.) Plaintiff states he had and still has "traumatic brain injury resulting in severe physical and mental disability, as well as other severe trauma." And is "unable to write," and is being assisted by a fellow inmate. (Id.) Plaintiff is informed of the following legal standards concerning the exhaustion of administrative remedies.

"The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA[.]" Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted) (cited with approval in Ross, 136 S. Ct. at 1856). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation").

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer

---

[1] Such concession tracks plaintiff's concession in his earlier-filed case, McNutt v. John Doe #1, No. 2:20-cv-0780 WBS AC (E.D. Cal.) (ECF No. 1 at 3), both signed under penalty of perjury.

the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" Ross, 136 S. Ct. at 1862.

Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross, 136 S. Ct. at 1859 (quoting Booth, 532 U.S. at 738). The Supreme Court has clarified that there are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, at 1859. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

Failure to exhaust administrative remedies is an affirmative defense that must be raised by defendants and proven on a motion for summary judgment. See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones, 549 at 215 (exhaustion is not a pleading requirement but an affirmative defense that, if apparent on the face of the complaint, may support dismissal); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, supra,

747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because Vaden did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice.") (citing Wyatt, 315 F.3d at 1120).

If a court concludes that a prisoner failed to exhaust his available administrative remedies, the proper remedy is dismissal without prejudice for failure to state a claim upon which relief may be granted. See Albino, 749 F.3d at 1169; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005); Jones, 549 U.S. at 223-24. When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim. See 28 U.S.C. § 1915A(b)(1) (upon screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) . . . fails to state a claim upon which relief may be granted"); 42 U.S.C. § 1997e (c)(2) ("In the event that a claim [ ] on its face . . . fails to state a claim upon which relief can be granted, . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").[2]

In an amended complaint, plaintiff should clarify the reasons he did not pursue an administrative remedy concerning the August 2015 inmate attack. Plaintiff should also attempt to

---

[2] Accord Sorce v. Garikpaetiti, 2014 WL 2506213, at *3 (S.D. Cal. May 30, 2014) ("based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds Plaintiff's case must be dismissed [on screening] for failing to state a claim upon which any relief may be granted") (citations omitted); Young v. Unnamed, Secretary of CDCR, 2014 WL 5176386, at *4 (S.D. Cal. Oct. 14, 2014) (on screening and "based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of his Complaint, the Court finds that even if Plaintiff had sufficiently alleged an Eighth Amendment claim against the Secretary, his Complaint would still be subject to dismissal . . . for failing to state a claim upon which relief can be granted") (citations omitted); Lucas v. Director of Dept. of Corrections, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 5, 2015) (on screening plaintiff's FAC, in which plaintiff conceded that he had not exhausted his administrative remedies before he commenced the action, the court found that plaintiff's "attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action") (citations omitted); Eha v. California Institute for Men, 2015 WL 8664155, at *3 (C.D. Cal. Dec. 10, 2015) ("Plaintiff's 'concession to nonexhaustion' in his Complaint and in his First Amended Complaint warrants dismissal at the pleading stage.") (citations omitted); Morehead v. Kern Valley State Prison, 2016 WL 3136034, at *2 (E.D. Cal. June 2, 2016) (dismissing FAC on screening on the ground that, "[w]hile the Court typically grants leave to amend in a pro se cases (sic), Plaintiff's clearly conceded failure to exhaust cannot be cured by the allegation of additional facts.").

identify which of the exceptions to exhaustion noted above, if any, may apply to his circumstances.

Leave to Amend

Subject to the legal standards set forth above, plaintiff may file an amended complaint within thirty days from the date of this order. Any first amended complaint will be screened by the court pursuant to 28 U.S.C. § 1915A.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

    Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5. The Clerk of the Court is directed to remove plaintiff's "Exhibit A" from the original pleading (ECF No. 1 at 10-77) and file it with plaintiff's signed complaint (ECF No. 7), docketing it as "Exhibit A" (ECF No. 7-1).

Dated: March 22, 2022

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

/mcnu0121.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH MCNUTT,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, CSP-FOLSOM, et al.,<br><br>Defendants. | No. 2:22-cv-0121 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint

_____
Plaintiff